# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| Renewable Fuels Association, American Coalition for Ethanol, National Corn Growers Association, and National Farmers Union,<br><br>Petitioners,<br><br>v.<br><br>U.S. Environmental Protection Agency,<br><br>Respondent. | Case No.: No. 18-9533<br>(EPA No. 1-3876)<br>(Environmental Protection Agency) |

## PETITIONERS' RESPONSE REGARDING JURISDICTION

The Court's June 13, 2018 Order requires Petitioners Renewable Fuels Association, American Coalition for Ethanol, National Corn Growers Association, and National Farmers Union (collectively "Coalition") to clarify whether, in light of the fact that Respondent United States Environmental Protection Agency ("EPA") did not publish any of the three small refinery hardship exemptions challenged in the Petition, there is a "final action" within the meaning of 42 U.S.C. § 7607(b)(1) for the Court to review.

Petitioners respond, as discussed below, that 42 U.S.C. § 7607(b)(1) broadly provides for jurisdiction to the federal Courts of Appeals for review of *all* final agency actions under the Clean Air Act, regardless of whether EPA chooses to

publish them or to otherwise make its determinations available to third parties such as the Coalition. This Court and other Courts of Appeals have construed other, also unpublished, EPA determinations of other small refinery exemption requests— identical in nature to those challenged in the Coalition's Petition for Review—as reviewable final agency actions. The EPA's decision to withhold all information regarding its decisions on requests for extensions of small refinery exemptions from the public should not preclude third parties affected by those decisions, such Petitioners, from exercising their statutory right to petition the Court for review, nor does it affect the jurisdiction of this Court in any way.

## **ARGUMENT**

The Court has jurisdiction to consider the Coalition's Petition because: (1) this Court has jurisdiction under § 7607(b)(1) to review all "locally or regionally applicable" final EPA actions, regardless of whether those decisions are published in the Federal Register or elsewhere; (2) the EPA's disposition of a request for an extension of the small refinery temporary exemption from the Clean Air Act's Renewable Fuels Standard ("RFS") is a final agency action for purposes of § 7607(b)(1); and (3) Petitioners clearly identify each of three specific small refinery exemptions in their Petition. Moreover, although it is relevant only to venue and not jurisdiction, Petitioners have provided sufficient information to establish that this Court is the appropriate court of appeals for purposes of § 7607(b)(1). Finally,

Petitioners' claims are ripe for review because the challenged exemptions are already in effect, and are not subject to further agency action.

## I. The Clean Air Act Broadly Provides the Federal Courts of Appeals with Jurisdiction to Review All Final Agency Actions

Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), provides exclusive jurisdiction in the federal Courts of Appeals to consider *all* final agency actions under the Clean Air Act ("CAA")—whether or not they have been published or otherwise made available to all affected persons. *See Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 589-91 (1980). In relevant part here, § 307(b)(1) provides jurisdiction in the "United States Court of Appeals for the appropriate circuit" for review of "any other final action of the Administrator under this chapter…which is locally or regionally applicable[,]" such as the waivers challenged here, which were granted to three refineries within the Tenth Circuit's geographic region. Construing this provision, the Supreme Court has held that "any other final action" "must be construed to mean exactly what it says," and includes jurisdiction to review unpublished final agency decisions—even when the record is "scant." *See id.* at 582-83, 589, 593-94 (holding the Fifth Circuit had jurisdiction under § 307(b)(1) to consider a petition based on an unpublished final EPA decision issued by letter to the petitioner).

Section 307(b)(1) *does* impose a strict 60-day time limitation to submit a petition for review after the EPA publishes notice of its action in the Federal

3

Register, which this Court and others have concluded is jurisdictional. *See, e.g., Utah v. EPA,* 765 F.3d 1257 (10th Cir. 2014) (concluding based on statutory language, legislative history and context that the 60-day deadline is jurisdictional and failure to file within the time limitation may not be excused). However, as *PPG Industries* held nearly 40 years ago, publication in the Federal Register is *not* a prerequisite for review of a final agency action under the CAA, nor is publication a necessary element of "finality" for purposes of jurisdiction under Section 307(b)(1). While publication triggers a statutory 60-day filing deadline for some decisions, the statute *also* provides jurisdiction over—but no similar time limit for challenging—unpublished final actions.[1] *See* 446 U.S. at 589.

Similarly, although EPA promulgated a rule (40 C.F.R. § 23.3) in 1985 to establish a limitations period applicable to unpublished final EPA actions (stating that the statutory 60-day period in § 7607(b)(1) will begin to run 14 days after the signature date of the unpublished decision), EPA specifically exempted parties that do not receive actual notice of the unpublished decision.[2] Because the Coalition

---

[1] Notably, Justice Stevens argued in dissent that the lack of a statutory filing deadline for unpublished EPA decisions should be interpreted to limit judicial review to only those decisions EPA chooses to publish, and that EPA incorrectly read the statute to require the agency to publish all of its decisions. *Id.* at 605-606 (Stevens, J., dissenting).

[2] EPA acknowledged when promulgating 40 C.F.R. § 23.3 that it applied only to potential litigants having actual notice of unpublished decisions. *See* 50 Fed. Reg. 7,268, 7,269 (Feb. 21, 1985) ("Most potential litigants interested in actions

4

did not receive actual notice of the EPA's actions here, it is not subject to the limitations period imposed by this regulation—but this does not, as the EPA has acknowledged, mean that this Court has no jurisdiction under § 7607(b)(1) to consider the Coalition's Petition. This Court continues to have jurisdiction over the challenged final agency actions because neither the statutory nor regulatory limitations periods apply here.

## II. EPA's Determinations of Requests to Extend the Small Refinery Exemption from RFS Are Reviewable Final Agency Actions

The federal Courts of Appeals frequently review unpublished EPA decisions under Clean Air Act § 307(b)(1), including EPA determinations of requests to extend the small refinery exemption from the RFS. This Court, in fact, recently exercised its jurisdiction under § 7601(b)(1) to rule on a challenge to the EPA's denial of a request to extend a small refinery exemption to a refinery located in Wyoming in *Sinclair Wyo. Refining Co. v. EPA*, 874 F.3d 1159, 1163 (10th Cir. 2017). The agency's final action in *Sinclair* was, as in *PPG Industries*, unpublished and arose out of an informal adjudicatory proceeding. Similarly, the

---

covered by the regulations will have actual notice of non-Federal Register documents. … The rule issued today will have the beneficial effect of establishing a fixed trigger for commencing the judicial review process [for litigants having actual notice]. The commenter's concern—**that someone entitled to seek judicial review, and who has no notice of the action, will later be barred from obtaining review** by a preclusive judicial review provision—**addresses a matter not within the scope of this rulemaking."**) (emphasis added).

District of Columbia Circuit Court of Appeals, in *Hermes Consol., LLC v. EPA*, 787 F.3d 568, 574 (D.C. Cir. 2015), and the Eighth Circuit Court of Appeals in *Lion Oil Co. v. EPA*, 792 F.3d 978, 981-2 (8th Cir. 2015) (noting that EPA's decision letter stated that it was "a final agency action…for purposes of [§ 7607(b)(1)"), have each ruled on unpublished EPA denials of requests to extend small refinery exemptions as final orders that are reviewable under § 7601(b)(1).

There is no reason to reach a different conclusion regarding EPA's *grant* of a small refinery exemption extension, which should also be considered a "final agency action" for purposes of judicial review under § 7607(b)(1). No further action is required or expected from EPA, there is no pending agency review, and the exemptions granted here are already in effect. The only significant difference between this case and *Sinclair*, *Hermes,* and *Lion Oil* is that the Petitioners here do not have access to EPA's decision letters for the three exemptions they challenge, because "third parties [do not] have access to the decisions, since the EPA does not publicly release its decisions because they contain confidential business information." *Sinclair*, 887 F.3d at 992; *see also Lion Oil*, 792 F.3d at 980-1 ("Lion Oil requested protection of 'confidential business information.' EPA sent its decision to Lion Oil only….EPA made no announcement in any public record, including its website."). This does mean that the Court does not have jurisdiction over these final EPA actions, nor should EPA's choice to restrict access to

6

information undermine the clear text of § 7607(b)(1), which provides jurisdiction to review *all* final agency actions. *PPG Indus.*, 446 U.S. at 589.

**III. The Petition Offers Sufficient Information to Identify Reviewable Final Agency Actions**

Petitioners acknowledge that they are in the unusual position of being unable to attach the underlying agency actions to their Petition. But they should not be denied judicial review because of EPA's lack of transparency. Petitioners have sufficiently identified the three EPA final actions challenged in their Petition—extensions of small refinery temporary exemptions under the RFS Program for three specific refineries—HollyFrontier Corp.'s Woods Cross, Utah, and Cheyenne, Wyoming, refineries, and Wynnewood Refining Company, LLC's Wynnewood, Oklahoma, refinery, which is a subsidiary of CVR Energy, Inc. and CVR Refining, LP, to give EPA sufficient notice and information on which to compile the administrative record. Pet. at 2.

Although EPA has refused to make publicly available—even in response to Freedom of Information Act ("FOIA") requests from the Coalition—any documents related to extensions of small refinery exemptions, including the three exemptions challenged in this case,[3] Petitioners have also provided sufficient

---

[3] EPA has maintained that even general information about its decisions to extend small refinery exemptions are confidential business information ("CBI") and thus need not be disclosed. *See, e.g.,* 78 Fed. Reg. 49,794, 49,826 (Aug. 15, 2013)

7

information to show that EPA actually granted these extensions. *See* Pet. App. A-F. In particular, both HollyFrontier and CVR have directly or indirectly referenced exemptions from the RFS in public statements, which could only have been obtained by EPA final action. *Id*. App. A & B.

While Petitioners acknowledge that the Court will ultimately need to review EPA's actual decisions, those decisions must be included in EPA's administrative record in the case. Petitioners would of course have preferred to review the specific EPA determinations before filing their Petition. But they had no choice but to file now rather than first pursue FOIA litigation because (1) it is not completely clear whether the statutory 60-day filing deadline in Section 307(b)(1) could ever be triggered by public knowledge that EPA had made the decisions (rather than on release of the decisions themselves); and (2) because the statute's filing deadline, once triggered, is jurisdictional and cannot be waived even when based on honest error by EPA, as this Court recently held in *Utah v. EPA*, 765 F.3d 1257.

In any event, there is no reason to suppose that EPA's decisions to grant these three waiver extensions are any less reviewable final agency actions as

---

(withholding volume of projected gasoline and diesel from single exempt small refinery on basis of CBI). EPA has maintained its position even though, as at least one small refinery's counsel admitted at oral argument, "It's really just the specific numbers, the dollar amounts, the numbers of [credits] that are confidential." *Lion Oil*, 792 F.3d 980-1.

EPA's denials of similar extensions that were reviewed in *Sinclair*, *Hermes*, and *Lion Oil*. Indeed, when EPA proposed a rule in November 2016 that would promote greater transparency regarding EPA's decisions on small refinery waiver requests, it proposed to publish limited non-confidential information regarding its final actions, including "the extent to which the EPA granted or denied the requested relief."[4] 81 Fed. Reg. 80,828, 80,909 (Nov. 16, 2016). Thus EPA regards its decisions on these informal adjudications as "final" actions regardless of whether (or how much) relief is granted to the refinery.

## IV. The Tenth Circuit Is the Proper Venue to Review the Petition

It is also not necessary to review EPA's determinations in order to conclude that this Court is the proper venue for the Coalition's Petition. Although Section 307(b)(1) provides that "locally or regionally applicable" rulings—such as these refinery-specific waivers—that are nonetheless "based on a determination of nationwide scope or effect" must be filed in the D.C. Circuit *if* the EPA "finds and publishes that such action is based on such a determination," the federal courts have construed this provision to address venue, not jurisdiction. *See, e.g., Texas Mun. Power Agency v. E.P.A.*, 89 F.3d 858 (D.C. Cir. 1996) (provision of CAA requiring that petition for review of nationally applicable regulations or final action

---

[4] As of the date of this filing, however, EPA has not promulgated a final rule implementing this proposal and continues to withhold FOIA requests on the basis of CBI.

9

be filed only in D.C. Circuit, and that regionally or locally applicable action be challenged only in Court of Appeals for appropriate circuit, is a venue provision, rather than jurisdictional provision, and thus could be waived by EPA's failure to object to venue). The statute also requires that the EPA's determination of nationwide scope or effect be published in order to trigger venue in the D.C. Circuit—so, although the EPA's actions here are arguably "of nationwide scope or effect," EPA has not decided to publish a finding to that effect. Thus, this Court is the proper venue to consider the Coalition's Petition.

The Tenth Circuit did not specifically address this issue in *Sinclair*, because EPA did not object to venue in that case. However, two years earlier, in *Lion Oil*, the EPA had argued before the Eighth Circuit that Section 307(b)(1) required that petition to be reviewed by the D.C. Circuit because EPA had expressly stated in its written decision that it was of nationwide scope or effect. 792 F.3d at 980-1. The Eighth Circuit rejected EPA's argument based on the plain language of the statute, holding that despite EPA's written statement that the decision was of nationwide scope or effect, EPA had *not* published its determination within the meaning of the statute (having sent the decision only to petitioner Lion Oil), and thus the Eighth Circuit could properly consider the petition. *Id*. at 982.

The same would be true here. Even if EPA had stated in one or more of the three written determinations challenged here that the decision is of nationwide

10

scope or effect, because EPA chose not to publish the decisions, this Court, as the regional circuit court for the Woods Cross, Cheyenne, and Wynnewood refineries, and not the D.C. Circuit, is the proper venue under 42 U.S.C. § 7607(b)(1). *See id*.

## V. The Petition Is Ripe for Review

Finally, the Court's citation to *Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1235 (10th Cir. 2013), suggests that the Court might be concerned that, because the EPA decisions here were not published, and are not otherwise available to Petitioners (and thus not available to the Court at this time), there is some danger that the decisions are not ripe for review. That is not the case.

In *Farrell-Cooper*, the agency actions challenged in the appeal were subject to ongoing administrative review. Because there was not "a consummation of the agency's decision-making process sufficient to support litigation," any review by the court of appeals "would disrupt the administrative process." *Id*. at 1235. By contrast, here there is no ongoing administrative appeal regarding the Woods Cross, Cheyenne, and Wynnewood refinery exemptions challenged in the Coalition's Petition. EPA made a final action in granting each of these exemptions to these refineries, the exemptions have already gone into effect, and, as detailed in the Petition for Review, HollyFrontier and CVR Energy have in fact already enjoyed tens of millions of dollars in reduced compliance costs, as a result of the exemptions, at the expense of Petitioners' renewable fuel producing members. *See*

11

Pet. App. A at 76; *Id*. App. B. These actions are thus unquestionably final actions that are ripe for review by this Court.

## CONCLUSION

For the reasons discussed above, this Court has jurisdiction to consider the Coalition's Petition for Review because, notwithstanding the Petitioners' lack of access to EPA's written determinations, the challenged actions occurred and are final agency actions. Briefing on the merits should resume, and Respondent should be required to produce the administrative record in the case forthwith.

Date: June 27, 2018

Respectfully submitted,
/s/ Matthew W. Morrison
Matthew W. Morrison
Cynthia Cook Robertson
Bryan M. Stockton
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
T: (202) 663-8036
F: (202) 663-8007
matthew.morrison@pillsburylaw.com
cynthia.robertson@pillsburylaw.com
bryan.stockton@pillsburylaw.com

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Appellate Procedure 15(c) and 25, and 40 C.F.R. § 23.12(a), I hereby certify that on June 27, 2018, I will cause time-stamped copies of the foregoing Petitioners' Response Regarding Jurisdiction to be delivered electronically through CM/ECF to all counsel of record.

/s/ Matthew W. Morrison

Matthew W. Morrison
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
T: (202) 663-8036
F: (202) 663-8007
matthew.morrison@pillsburylaw.com

*Counsel for Petitioners*

# CERTIFICATE OF DIGITAL SUBMISSION

In accordance with the Court's CM/ECF User's Manual, I hereby certify that:

1) All required privacy redactions have been made per Tenth Circuit Rule 25.5;

2) Hard copies of this pleading that may be required to be submitted to the Court are exact copies of the ECF filing; and

3) The ECF submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Symantec Endpoint Protection version 14.0.2422.0202.105 last updated June 27, 2018 and, according to the program, is free of viruses.

Date: June 27, 2018

/s/ Matthew W. Morrison
Matthew W. Morrison
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
T: (202) 663-8036
F: (202) 663-8007
matthew.morrison@pillsburylaw.com

*Counsel for Petitioners*