# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| _____ ) | | |
| RENEWABLE FUELS ASSOCIATION, *et al.*, | ) ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) | Case No. 18-9533 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOLLYFRONTIER REFINING & MARKETING LLC, *et al.*, | ) ) | |
| | ) | |
| Intervenor-Respondents. | ) | |
| _____ ) | | |

## PETITIONERS' MOTION FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201, the Renewable Fuels Association, American Coalition for Ethanol, National Corn Growers Association and National Farmers Union (collectively, "Biofuels Coalition" or "Petitioners") respectfully request that the Court take judicial notice of four publicly available documents whose accuracy cannot reasonably be questioned.  Specifically, the four documents for which the

Biofuels Coalition seeks judicial notice[1], attached hereto as Petitioners'

Supplement ("SUPP_") are:

1. HollyFrontier Corp., Annual Report (Form 10-K) (Feb. 22, 2017) (SUPP_1-392);

2. CVR Refining, LP, Annual Report (Form 10-K) (Feb. 26. 2018) (SUPP_393-553);

3. *Denial of Petitions for Rulemaking to Change the RFS Point of Obligation*, EPA-420-R-17-008 (Nov. 2017) (SUPP_554-640);

4. Brief of Respondent EPA, *Am. Fuels and Petrochemicals Manufacturers v. EPA*, No. 17-1258 (D.C. Cir. Oct. 25, 2018), ECF No. 1757157 (SUPP__641-790).[2]

---

[1] The Biofuels Coalition is also attaching seven declarations from Biofuels Coalition members to their Opening Brief, for the sole purpose of demonstrating standing. This Court, recognizing that the Supreme Court had encouraged the submission of such evidence in support of standing, has held that extra-record evidence is acceptable for this purpose. *See., e.g.*, *U.S. Magnesium, LLC v. EPA*, 690 F.3d 1157, 1165 (10th Cir. 2012) (considering affidavit for the "sole purpose" of determining whether petitioner had standing).

[2] Counsel for the Biofuels Coalition sought the parties' positions regarding the relief sought in this motion pursuant to Circuit Rule 27.1. Counsel for Respondent U.S. Environmental Protection Agency ("EPA") advised that EPA takes no position at this time and reserves its right to respond once it has reviewed the motion and the Petitioners' Opening Brief. Likewise, counsel for Intervenor-Respondents HollyFrontier Refining & Marketing LLC, HollyFrontier Cheyenne Refining LLC, HollyFrontier Woods Cross Refining LLC (collectively, "HollyFrontier"); and counsel for Wynnewood Refining Company, LLC, a subsidiary of CVR Refining, LP ("CVR") have likewise responded that their respective clients take no position on the relief sought in this motion at this time, but reserve the right to oppose after reviewing the motion and Opening Brief.

## ARGUMENT

Although under the Administrative Procedure Act ("APA"), judicial review is generally limited to the administrative record, *see Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (10th Cir. 2010), "Tenth Circuit precedent indicates … that the ordinary evidentiary rules regarding judicial notice apply when a court reviews agency action." *Diné Citizens Against Ruining Our Env't v. Jewell*, 312 F. Supp. 3d 1031, 1069 (D.N.M. 2018); *see also New Mexico ex. rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009) (taking judicial notice of information "not subject to reasonable factual dispute" and "capable of determination using sources whose accuracy cannot reasonably be questioned").  Accordingly, "at any stage of the proceeding" this Court "may judicially notice a fact that is not subject to a reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b).  Indeed, a court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added).

The four documents for which the Biofuels Coalition seeks judicial notice fall under two categories: (1) SEC Form 10-Ks filed by Intervenor-Respondents

3

HollyFrontier and CVR for the years in which they requested, and EPA granted[3],

small refinery exemption extensions pursuant to 42 U.S.C. § 7545(o)(9)(B), and

(2) EPA's contemporaneous or post-decision public statements taking positions

contrary to its decisions in the Challenged Exemptions.[4]  EPA and the Intervenor-

Respondents cannot reasonably dispute the accuracy of documents that either they

or their corporate parents have created and made publicly available, nor deny their

relevance to this Court's evaluation of EPA's decisions to grant "hardship"

petitions to these entities.

---

[3] The three exemptions challenged in the Petition are referenced collectively here,
   as in Petitioners' Opening Brief, as the "Challenged Exemptions."

[4] Although not requested in this Motion, the Court's consideration of these four
   documents would also be proper under this Circuit's precedents for allowing
   supplementation of the agency record.   In *Custer County Action Ass'n v.
   Garvey*, 256 F.3d 1024 (10th Cir. 2001) ("*Custer County*") this Court recognized
   five exceptions to the general rule that the Court only consider information in the
   agency record, finding supplementation appropriate when: (1) the agency action
   is not adequately explained and cannot be reviewed properly without considering
   the cited materials; (2) the record is deficient because the agency ignored
   relevant factors it should have considered in making its decision; (3) the agency
   considered factors that were left out of the formal record; (4) the case is so
   complex and the record so unclear that the reviewing court needs more evidence
   to enable it to understand the issues; or (5) evidence coming into existence after
   the agency acted demonstrates the actions were right or wrong.  256 F.3d at 1028
   n.1 (citing *American Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir.
   1985)).  Each of the four documents meets at least one of these exceptions.

### A.    Public Financial Documents Filed by Intervenor-Respondents' Corporate Parents

Petitioners request the Court take judicial notice of HollyFrontier Corporation ("HollyFrontier")'s February 22, 2017 Form 10-K and CVR Refining, LP's February 26, 2018 Form 10-K, as publicly available documents relevant and instructive to the Court's review of EPA's decisions in the Challenged Exemptions.  These documents are evidence that EPA ignored a relevant factor in making its decision.

Intervenor-Respondents HollyFrontier and CVR cannot reasonably dispute the underlying facts contained in the publicly-filed financial reports of their corporate parents, or the relevance of information contained therein—particularly refinery-specific information, but also information on the overall financial health of the parent companies such as dividend issues, stock buy backs, and corporate acquisitions—to EPA's evaluation of their claims of "disproportionate economic hardship" caused by the RFS.  The HollyFrontier and CVR 10-Ks are thus evidence that EPA ignored a relevant factor in making each of these decisions.

The financial reports are, and at all relevant times were, publicly available on the website of HollyFrontier and CVR[5], as well as directly from the Securities

---

[5] HollyFrontier Financial Information, http://investor.hollyfrontier.com/financial-information/sec-filings (accessed Dec. 3, 2018); CVR Investor Relations, SEC

5

and Exchange Commission website.  While the Certified Index of Documents

Comprising the Administrative Record for the HollyFrontier Cheyenne Refinery

contains HollyFrontier's 2015 Form 10-K, ECF No. 010110035496, the Certified

Index does not contain the Form 10-K for the year 2016—*the year the exemption*

*was sought*.  The more recent 2016 10-K, published on February 22, 2017, had

been publicly available for over two months when EPA granted the Cheyenne

Refinery's exemption on May 4, 2017.  Although also publicly available when

EPA granted the Woods Cross Refinery's exemption, on December 20, 2017, the

Woods Cross Refinery Certified Index contains none of HollyFrontier's publicly-

filed financial reports, current or otherwise.  Likewise, the Wynnewood Refinery

Certified Index also lacks any of CVR Refining, LP's publicly-filed financial

reports, including the 2017 10-K filed on February 26, 2018 that was available

before the Wynnewood Refinery extension was granted on March 23, 2018.

 Because these documents satisfy the factors relevant to the application of

Rule 201(b)(2), the Court should grant judicial notice.  Fed. R. Evid. 201(c); *see*

*also O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218 (10th Cir. 2007) ("[W]e

conclude the district court abused its discretion by failing to take judicial notice of

the actual earnings history provided by Northrop Grumman on the internet as

---

Filings, http://investors.cvrrefining.com/phoenix.zhtml?c=251539&p=irol-sec
(accessed Dec. 3, 2018).

required by Rule 201(d)")*; Schaffer v. Clinton*, 240 F.3d 878, 885 n. 8 (10th Cir. 2001) (taking judicial notice of information from almanac's website).

**B.    Publicly Available Documents Revealing EPA's Contradictory Public and Private Positions on a Key Issue of Refinery Economics**

Petitioners also request the Court take judicial notice of two documents—EPA's *Denial of Petitions for Rulemaking to Change the RFS Point of Obligation*, EPA-420-R-17-008 (Nov. 2017) and Brief of Respondent EPA, *Am. Fuels and Petrochemicals Manufacturers v. EPA*, No. 17-1258 (D.C. Cir. Oct. 25, 2018), ECF No. 1757157—that each state EPA's public position that merchant refiners like Intervenor-Respondents recover the cost of purchasing Renewable Identification Number (RIN) credits through the prices of the refined product they sell (Supp_578-82; Supp_707).  This is inconsistent with EPA's findings of "disproportionate economic hardship" due to RFS compliance in each of the Challenged Exemptions, and these documents thus are evidence that EPA's decisions in private, informal adjudications were inconsistent with its own contemporaneous public decisions and statements.  *See, e.g.*, *FCC v. Fox TV Stations, Inc.*, 556 U.S. 502, 515 (2009) ("An agency may not, for example, depart from a prior policy *sub silentio* or simply disregard rules that are still on the books.").

Both of these documents are available online.[6]  Moreover, as public statements by the agency, EPA cannot dispute that these are public positions that were taken by the agency as of 2017 and 2018, respectively.  *See Richardson*, 565 F.3d at 703 n.22 (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n. 2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").  The Biofuels Coalition, as reflected in its Opening Brief, seeks judicial notice only of the fact and content of EPA's contemporaneous and current position as stated in these documents; it does not ask the Court to take judicial notice of the factual validity of EPA's position as expressed in these documents.  Specifically, the Biofuels Coalition asks the Court to take notice of these documents because they reveal EPA's contradictory positions in related public rulemakings and litigation and the Challenged Exemptions.  For elaboration, *see* Argument II.B of Petitioners' Opening Brief (filed under seal).  As such, judicial notice is appropriate for these documents as well.  *See Richardson* 565 F.3d at 703 n.22 (taking judicial notice of agency document from joint appendix in a separate case before the court).

_____

[6] *Denial of Petitions for Rulemaking to Change the RFS Point of Obligation* (Nov. 2017), available at: https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P100TBGV.pdf.  EPA's brief in case No. 17-1258 is publicly available through PACER.

## CONCLUSION

For the reasons set forth herein, the Biofuels Coalition respectfully requests that the Court take judicial notice of the four documents included in Petitioners' Supplement, attached hereto, and referenced in their Opening Brief.

Date: December 4, 2018

Respectfully submitted,
/s/ Matthew W. Morrison
Matthew W. Morrison
Cynthia Cook Robertson
Bryan M. Stockton
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
T: (202) 663-8036
matthew.morrison@pillsburylaw.com
cynthia.robertson@pillsburylaw.com
bryan.stockton@pillsburylaw.com

*Counsel for Petitioners*

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. This motion complies with the type-volume limitation of Fed. R. App. P.
   27(d)(2)(A) because, according to the word-processor used to compose the
   motion, this motion contains 1,696 words, excluding the parts of the motion
   exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b).

2. This motion complies with the typeface requirements of Fed. R. App. P.
   27(a)(5)-(6) because this motion has been prepared in a proportionally spaced
   typeface using Microsoft Word 2016 in 14-point font size and Times New
   Roman type style.

Date: December 4, 2018         /s/ Matthew W. Morrison

                               Matthew W. Morrison
                               PILLSBURY WINTHROP SHAW PITTMAN LLP
                               1200 Seventeenth Street, N.W.
                               Washington, D.C. 20036
                               T: (202) 663-8036
                               F: (202) 663-8007
                               matthew.morrison@pillsburylaw.com

                               *Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Appellate Procedure 15(c) and 25, and 40

C.F.R. § 23.12(a), I hereby certify that on December 4, 2018, I will cause copies of

the foregoing Petitioner's Motion for Judicial Notice to be delivered electronically

through CM/ECF to all counsel of record.


Date: December 4, 2018                    /s/ Matthew W. Morrison

                                          Matthew W. Morrison
                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          1200 Seventeenth Street, N.W.
                                          Washington, D.C. 20036
                                          T: (202) 663-8036
                                          F: (202) 663-8007
                                          matthew.morrison@pillsburylaw.com

                                          *Counsel for Petitioners*

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

In accordance with the Court's CM/ECF User's Manual, I hereby certify that:

1.  All required privacy redactions have been made per Tenth Circuit Rule 25.5;

2.  Hard copies of this pleading that may be required to be submitted to the Court are exact copies of the ECF filing; and

3.  The ECF submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Symantec Endpoint Protection version 14.0.2422.0202, last updated December 3, 2018, and, according to the program, is free of viruses.

Date: December 4, 2018          <u>/s/ Matthew W. Morrison</u>

Matthew W. Morrison
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
T: (202) 663-8036
F: (202) 663-8007
matthew.morrison@pillsburylaw.com

*Counsel for Petitioners*